UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE RULE 45 SUBPOENAS SERVED ON JOSEPH PEREZ BY ALVIN ALLEN, Applicant. | Case No. 20-mc-80191-VKD<br><br>**ORDER TRANSFERRING MOTION TO QUASH SUBPOENA**<br><br>Re: Dkt. No. 1 |

In this miscellaneous proceeding, Autoficio, LLC ("Autoficio"), Trevor Zink, and Brian Whiteside (collectively, "Movants") move to quash or stay enforcement of subpoenas issued by pro se respondent Alvin Allen to third party Joseph Perez concerning a case pending in the Eastern District of Texas. Dkt. No. 1. Movants contend that the Texas court lacks subject matter jurisdiction over the underlying action, rendering Mr. Allen's subpoenas void. In the alternative, Movants ask the Court to stay enforcement of the subpoenas and transfer this matter to the Eastern District of Texas. Mr. Allen opposes the motion to quash or to stay enforcement and cross-moves to compel Mr. Perez's testimony, but he does not oppose transfer of this matter to the Eastern District of Texas. Mr. Perez has not filed anything with the Court. The Court finds this matter suitable for decision without oral argument. Civ. L.R. 7-1(b).

Having considered the parties' submissions, the Court grants Movants' unopposed request to transfer the matter to the Eastern District of Texas and denies Mr. Allen's cross-motion without prejudice.

**I.      BACKGROUND**

Mr. Allen is the plaintiff in a civil action in the Eastern District of Texas, *Allen v. Zink et*

*al.*, Case No. 1:20-cv-00045-MJT-ZJH ("the Texas action"). In that action, Mr. Allen asserts claims for common law fraud, statutory fraud, negligent misrepresentation, and conspiracy based on a stock purchase and loan agreement between Mr. Allen's company, Cimble Corporation ("Cimble"), and Kapexia, LLC ("Kapexia"). Dkt. No. 1 at 2; *Allen v. Zink et al.*, Case No. 1:20-cv-00045-MJT-ZJH, Dkt. No. 1 (E.D. Tex. Feb. 6, 2020). Movants here are defendants in the Texas action.

Movants have filed motions to dismiss the Texas action for lack of standing/subject matter jurisdiction and personal jurisdiction, as well as for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(1), (2), and (6). *Allen v. Zink et al.*, Case No. 1:20-cv-00045-MJT-ZJH, Dkt. No. 27 (E.D. Tex. July 22, 2020); *Allen v. Zink et al.*, Case No. 1:20-cv-00045-MJT-ZJH, Dkt. No. 47 (E.D. Tex. Aug. 17, 2020). Those motions remain pending.[1] Movants have not sought or obtained a stay of discovery in the Texas action.[2]

Mr. Allen served Movants with notice of the Perez subpoenas on October 9, 2020. *Id.* at 1; Dkt. No. 2 ¶ 7, Ex. A. The subpoenas sought documents and Mr. Perez's deposition concerning, among other things, past and present litigation involving the Cimble-Kapexia transaction and Kapexia's management, organization, and voting shares. Dkt. No. 2 ¶ 7, Ex. A. Mr. Perez's deposition was initially scheduled for October 23, 2020, but on October 23, Mr. Allen served Movants with an amended subpoena notice moving the deposition to October 30, 2020. *Id.*; Dkt. No 2 ¶ 8, Ex. B. Movants and Mr. Allen agree that Mr. Perez is a key witness who likely has evidence that is highly relevant to the disputed Cimble-Kapexia transaction. Dkt. No. 1 at 4; Dkt. No. 11 at 13–14.

## II. LEGAL STANDARD

A party may obtain discovery of a non-party by serving a subpoena pursuant to Rule 45 of

---

[1] On November 23, 2020, Mr. Allen filed a third amended complaint. *Allen v. Zink et al.*, Case No. 1:20-cv-00045-MJT-ZJH, Dkt. No. 55 (E.D. Tex. Nov. 23, 2020).

[2] On the contrary, on August 10, 2020, the parties submitted a Rule 26(f) report and proposed case schedule with a fact discovery cutoff of March 2, 2021. *Allen v. Zink et al.*, Case No. 1:20-cv-00045-MJT-ZJH, Dkt. No. 41 (E.D. Tex. Aug. 10, 2020). The Texas court does not appear to have issued an order adopting the parties' proposed schedule.

the Federal Rules of Civil Procedure. The scope of discovery permitted by subpoena under Rule 45 is the same as that permitted under Rule 26. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). That is, a party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A court may, for good cause, issue an order protecting a party from "annoyance, embarrassment, oppression, or under burden or expense" by, among other things, forbidding the discovery sought or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1)(A), (D). A party may seek a protective order regarding a subpoena issued to a non-party if it believes its own interests are jeopardized by the subpoena. *See Wells Fargo and Co. v. ABD Ins.*, No. C 12-03856 PJH (DMR), 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008 & Supp. Apr. 2020) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").

Under Rule 45(d)(3), the court where compliance is required must quash or modify the subpoena if the subpoena: (i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Rule 45(f) permits the court where compliance is required to transfer a motion to quash to the issuing court if the person subject to the subpoena consents or if the court of compliance finds exceptional circumstances would warrant transfer. The proponent of transfer bears the burden of showing that exceptional circumstances exist. Fed. R. Civ. P. 45(f) advisory committee's note to

2013 amendment. Rule 45(f) does not describe the circumstances that may qualify as "exceptional." However, the Advisory Committee notes reflect the Committee's view that "[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendments.

### III.  DISCUSSION

#### A.  Movants' Motion to Quash

The parties do not dispute that Mr. Perez possesses relevant information or that the subpoenas were properly noticed and served. Instead, the parties' primary dispute concerns whether the Court should quash the subpoenas based on the Eastern District of Texas's lack of subject matter jurisdiction over the underlying action.

As a threshold matter, Mr. Allen argues that the Court should deny the motion to quash as untimely because it was filed on October 29, 2020, only a day before the rescheduled deposition was to occur. Dkt. No. 11 at 8 ("At minimum this Motion to Quash is untimely because petitioners sandbagged it."). However, a motion to quash a third-party subpoena is timely if made before the date of compliance. *Handloser v. HCL America, Inc.*, No. 19-cv-10242-LHK, 2020 WL 4700989, at *3 (N.D. Cal. Aug. 13, 2020) ("Courts generally agree that a motion to quash under Rule 45 is timely if made before the date specified for compliance with the subpoena.") (citing *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002)). In any event, the Court has already ordered that the deposition not proceed pending resolution of the motion to quash or further order of the Court. Dkt. No. 7 at 1.

Mr. Allen also argues that Movants lack standing to bring their motion to quash. Dkt. No. 11 at 9–10. The Court disagrees. Movants have alleged an interest in maintaining the confidentiality of their sensitive business information, which is sufficient to confer standing for the purposes of the motion to quash. Dkt. No. 1 at 5–6; Dkt. No. 15 at 2–5; *see, e.g.*, *Am. Broad.*

*Cos., Inc. v. Aereo, Inc.*, No. CV-12-80300-RMW, 2013 WL 1508894, at *2 (N.D. Cal. Apr. 10, 2013) (finding defendant possessed standing to quash third-party subpoena seeking its proprietary business information). Mr. Allen provides no support for his assertion that Movants were required to identify any specific document or topic in order to demonstrate standing. Dkt. No. 11 at 8–9. However, Movants' interest in protecting their confidential information is not sufficient grounds for an order quashing the subpoenas, as Movants may rely on the provisions of the protective order entered in the Texas action. *See Allen v. Zink et al.*, Case No. 1:20-cv-00045-MJT-ZJH, Dkt. No. 49 (E.D. Tex. Aug. 10, 2020).

Movants rely on a different justification for their motion to quash. They contend that Mr. Allen lacks standing to bring the underlying action before the Eastern District of Texas and therefore that court lacks subject matter jurisdiction altogether, rendering the Perez subpoenas void. Dkt. No. 1 at 6–9. Movants are correct that if a litigant lacks standing, a federal court lacks authority to adjudicate the case, including issuing deposition subpoenas or other process. *See, e.g.*, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). Without jurisdiction the court cannot proceed at all in any cause . . . .") (internal citations and quotation omitted); *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[I]f a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void . . . ."). And because subject matter jurisdiction is fundamental to a federal court's ability to act, a court generally should consider and resolve the question of its jurisdiction at the outset before proceeding with a case on the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.") (discussing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)); *see also U.S. Catholic Conf.*, 487 U.S. at 79–80 ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdiction matters."). However, the question of subject matter

jurisdiction has been fully briefed in Movants' motions to dismiss before the Texas court. This Court need not—and will not—decide that issue here. *In re Verifone, Inc.*, No. 18-mc-80087-VKD, 2018 WL 3532761, at *7 (N.D. Cal. July 23, 2018) ("Nothing compels this Court to risk disrupting the Southern District of Florida's management of the underlying case by deciding, on a non-party discovery motion, a question of jurisdiction that has been fully briefed by the parties in the issuing court."). Instead, the Court finds that these circumstances warrant transfer of Movants' motion to quash to the Eastern District of Texas.

Movants and Mr. Allen state that they are amenable to transfer, but it is Mr. Perez's consent that is necessary under Rule 45(f). Dkt. No. 1 at 11–12; Dkt. No. 11 at 2. Mr. Perez has not appeared before this Court or otherwise made his views directly known. However, both Movants and Mr. Allen represent that Mr. Perez has informed them that he does not object to transfer. Dkt. No. 1 at 11 ("Based on Whiteside's and Autoficio's conference with Perez, Perez is unopposed to a transfer, which weighs in favor in transfer."); Dkt. No. 11 at 2 ("The parties have both secured the [required] consent of Joe Perez who has consented to his agreement to transfer the motion exclusively to the Court in the 'Texas Action', the Eastern District of Texas, at Beaumont through his attorney . . . ."). If Mr. Perez does consent to transfer, transfer of this motion to quash would indeed be proper.

However, even if Mr. Perez does not consent, or if his consent cannot be ascertained, the Court finds transfer warranted based on the exceptional circumstances presented here. Specifically, the Court finds that the parties' interest in avoiding inconsistent rulings on a question already briefed before the Texas court outweighs Mr. Perez's interest in obtaining local resolution of a motion to quash in which he has taken no position. Fed. R. Civ. P. 45 advisory committee's note to 2013 amendments ("[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."). For this reason, the Court will order the motion transferred to the Eastern District of Texas pursuant to Rule 45(f).

### B. Mr. Allen's Cross-Motion to Compel

Together with his opposition brief to Movants' motion to quash, Mr. Allen filed a cross-motion to compel Mr. Perez to comply with the subpoenas and for an order that defendants "stop interfering with the deposition." Dkt. No. 11 at 3–4. Mr. Allen says that Mr. Perez possesses information concerning his standing in the underlying action. *Id.* He also asserts that the purpose of his limited discovery was "to support plaintiff Allen's motion in opposition to defendants MTD's, in the Texas Action and in order to support the court's jurisdiction and plaintiffs actual capacity to sue in his own name . . . ." *Id.* at 14.

The Court has reviewed the document requests and deposition questions attached to the subpoenas at issue. These subpoenas do not appear to seek discovery of matters likely to have any bearing on the question of Mr. Allen's standing in the Texas action or the Texas court's subject matter jurisdiction. Rather, the subpoenas seek information about Kapexia and Movants that appear to concern the merits of Mr. Allen's claims in the Texas action.

In view of the Court's decision to transfer Movants' motion to quash, the Court denies Mr. Allen's cross-motion to compel without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court orders the Clerk of Court to transfer this matter to the Eastern District of Texas. Mr. Allen's motion to compel is denied without prejudice.

**IT IS SO ORDERED.**

Dated: December 2, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge